IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIANA DARRINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 23-00016-KD-C |
| | ) |
| NAVY FEDERAL CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the "Motion to Amend a Complaint" filed by *pro se* Plaintiff Tiana Darrington (doc. 8). Darrington moves the Court to allow her to "amend the complaint to better address, and clarify the issues at hand." (doc. 8). Darrington filed her complaint on January 12, 2023. Defendant Navy Federal Credit Union filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on February 7, 2023. She filed the motion to amend on February 14, 2023.

Pursuant to Rule 15(a)(1)(B), Darrington may file an amended complaint "once as a matter of course within … 21 days after service" of Defendant's motion to dismiss. Since Darrington is a *pro se* litigant, filing a motion to amend did not waive her right to file within the 21-day period. See Toenniges v. Ga. Dep't of Corr., 502 Fed. Appx. 888, 889 (11th Cir. 2012) ("Toenniges, proceeding *pro se*, did not waive his right to amend as a matter of course merely because he filed a motion to amend instead of amending as a matter of course."); see Thornton v. S. Mgmt. Corp., 2019 WL 13225815, at *1 (N.D. Ala. Oct. 7, 2019) (same) (citing Toenniges).

As to service, the certificate of service indicates that Darrington was served a copy by U.S. Mail on February 7, 2023 to her address of record. Pursuant to Fed. R. Civ. P. 5(b)(2)(C),

"service is complete upon mailing." Pursuant to Fed. R. Civ. P. Rule 6(d), when service is made under Rule 5(b)(2)(C), and the "party may or must act within a specified time after being served . . . 3 days are added after the period would otherwise expire …".

Accordingly, to amend her complaint once as a matter of course, Darrington must file her amended complaint, within 24 days of February 7, 2023. If the amended complaint is timely filed, Defendant's pending motion to dismiss (doc. 4) will be dismissed as MOOT because the amended complaint will become the operative complaint. Darrington's pending motion to amend is dismissed as MOOT because she may amend her complaint once as a matter of course.

Darrington is reminded that although she is a *pro se* litigant, she is not relieved from her obligation to follow the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Alabama. Britt v. United States Gov't., 773 Fed. Appx. 494, 495-496 (11th Cir. 2019) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam)); see Beckwith v. Bellsouth Telecomms. Inc., 146 Fed. Appx. 368, 371 (11th Cir. 2005) (*pro se* plaintiffs must comply with the threshold requirements of the Federal Rules of Civil Procedure).

The Clerk is directed to mail a copy of this order to Darrington.

DONE and ORDERED this the 16th day of February 2023.

     **s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**